May it please the Court. Good morning, Your Honors. My name is Justin Swidler. I represent Bill Petrone and the class in a trial that was had in the District of Nebraska. We're here today on both an appeal and a cross-appeal, and I'm going to deal with the cross-appeal on rebuttal, so I've reserved, I think, seven minutes to deal with that. Our appeal stems with several post-trial orders issued by the District Court, and I'm going to start with what I think is the clearest one, which amounts to an abuse of discretion, which is the plaintiffs in the class, after having prevailed at a class-wide trial and being awarded a verdict of nearly a million dollars for minimum wage violations, was ordered to pay Werner its taxable costs pursuant to Rule 54B in Section 1920. The court found that because the plaintiffs had partial success at trial, somehow that meant Werner was entitled as a judgment winner to obtain its costs. As we provide in our briefs, there is not a single case that we were able to locate in the entire jurisprudence of the Fair Labor Standards Act where employees who successfully obtained minimum wage damages from their employer were forced to pay their employer's costs at the end of the case. Now... What's quirky about this case is the District Court denied the plaintiffs their taxable costs based on this problem under Rule 54. That's right, Your Honor, although I would... So if the court had awarded costs to the plaintiffs under Rule 54, you don't dispute that the court had discretion to fashion an offset of some kind under the case law? Your Honor, I would say it this way, and that's why we didn't apply. Ultimately this gets to why did the plaintiffs see costs under the FLSA and not Rule 54? We don't dispute Rule 54's discretionary, as is 1920, and therefore you can offset to zero. But the Fair Labor Standards Act is not discretionary. It mandates an attorney's fees which includes reasonable costs to a prevailing party. And so because we filed our motion, we think strategically and properly under the federal statute, which thereby meant the District Court in the first instance would determine the reasonableness of the costs, we were entitled to those costs and not to be offset. And I will say that the District Court would have discretion in finding our costs unreasonable, of course, if we encounter, let's say, you know, tens of thousands of costs or even hundreds of dollars in costs that were not re... Yeah. Aren't we talking about the same costs, whether they're under 1920 or under 216B? 216B is broader, but certainly... Broader because it has the attorney's fees provision, which the court cases say can bring in other quote-unquote costs, but they seem to come in under the fees provision, right? Well, the Fair Labor Standards Act allows any costs that would usually be paid by a plaintiff. And so that would include taxable costs, but it would also include costs like expert fees, for example. What text of the FLSA allows these expert fees? Oh, section... Well, section 216B has been widely interpreted. Yeah, which words? The attorney's fees provision. All right. Yes, absolutely. So when it says costs, though, isn't it referring to the same costs that come under 1920? Well, it doesn't actually... I don't think it uses the word costs, actually. It actually just uses the words reasonable attorney's fees, which the case law... It's your case, but I read the statute, and you think the word costs is not in 216B, huh? I'm not looking at this. What I'm... I mean, it's your case. You're saying this is your lead issue. You would probably know. I'm just looking at the statute here, and it says, allow reasonable attorney's fee to be paid by the defendant and costs of the action. Well, I... You didn't know that was in there, that word costs? Well, Your Honor, I stand corrected. I think we were focused on the fees and the costs because the case law has interpreted attorney's fees to include costs. Well, it would be help... All right. Well, it would be helpful if we could be precise, though, about what amounts are under what part of the statute. I understand attorney's fees allows you to get expert witnesses and so forth, but the word costs in there allows you to get some costs, and my question was whether those are the same costs that are under 19-20, but if you didn't know the word is even in there, you probably haven't thought about an answer. Well, Judge, it's been our position throughout that we're entitled to those costs under the FLSA, and that issue is not addressed by the district court, and I apologize if in review I was not thinking about it, but the proper point here is that both the fees and costs under the FLSA are mandatory by both the case law and the statute itself, so long as they're reasonable. Well, go back to your... Your point is you think it was an error for the court to order you to pay Werner's costs. Absolutely. And my question was whether it would be okay to offset an award of cost to the plaintiffs. I suppose your answer is you didn't get an award of cost, huh? Well, Your Honor, if the court found a plaintiff prevailed, by the way, this court and the Supreme Court has determined what it means to prevail, which is that there's a change of the legal relationship between the two entities, and clearly a monetary judgment constitutes that. It would be an abuse of discretion to entirely not award costs or fees, absolutely, whereas under Rule 54 it would not be, because a fee and cost award under the FLSA is mandatory under the statute. And I'm not stating that the court couldn't do an analysis and find costs to be unreasonable, but that's not what the court did. The court just found that because we were partially successful, Werner was entitled to his costs, and in essence, she didn't address our costs. But I think the answer is no, there couldn't be a full offset unless it was determined the costs were unreasonable, and it wouldn't be because of a partial victory, it would be because the costs were reasonable. You don't think so? You don't think the cases say when there's this mixed result that the court can adjust the costs? Well, the only cases that Werner cites two are not fee-shifting statutes, they rely on 1920, so it's a discretion, by its nature, 1920 is discretionary of the district judge. So it's a question of if costs are discretionary, can you offset, and of course you can, because you could award no costs by the court's discretion. But if they're not discretionary, then the offsetting logic seems to fail. Which... Well, maybe, but it doesn't say how many costs, it just says you shall, it shall allow costs of the action. I don't know. I think the courts have interpreted it to be reasonable costs of the action, so again, we get back to the analysis would be, were the depositions we took reasonable? In this case, we actually know they were because the court ordered those very costs to Werner. So there would be no reason to understand that the depositions weren't required for the prosecution of the action, for example. What was wrong with the district court saying you needed to submit a bill of costs? Well, it relied on a local rule, and the local rule, by its very nature, does not include requests, I mean, it specifically states it requires 1920, and it doesn't apply to attorney's fees requests. Right, but I'm talking about just the costs part now. Now that we've discovered that the statute has both attorney's fees and costs, if the costs under the 216B are the same as the costs under 1920, then why can't the court, by rule, say you've got to follow a procedure when you're asking for them? Well, Your Honor, again, the courts have interpreted the attorney fee language of the FLSA, and And so putting aside that there's taxable costs recoverable under 1920, the case law, which specifically has identified costs to be relatively broad and encompassing the attorney's fees, allows us to request it. It's worth pointing out that- Wait a minute. You're saying the taxable costs under 1920 are recoverable as part of the attorney's fees under 216B? I'm saying, yeah, the case law has held that any cost that is usually and customarily paid by the client is recoverable as part of the attorney's fees in the fee-shifting provision of the FLSA. Well, then what's recoverable as costs under the FLSA? Well, I mean, Your Honor, ultimately the case law would suppose that you read those two provisions together, not separately. I mean, under the defendant's provision, the costs solely come from 1920, and so it would also be duplicative. Courts have read that. I mean, I admit I haven't seen a court slice and dice that provision, but the attorney's fees provision, which is 216B, allows individuals to recover costs that would reasonably be paid by the client, and in this case, that wasn't done. I would say that in some ways, as Your Honor, I think, started Judge Colladan, it is somewhat moot, because the court didn't award us any costs of which to offset from, and that was an alternative argument we ultimately made when we objected to Werner's cost analysis. So we don't think it would be proper to have an offset, but I think most importantly right now is the court didn't apply an offset. The court gave us nothing. I do want to hit one other issue. You can see I'm already well into my rebuttal time. So I think I do want to start, just briefly mention the liquidated damage award, which we've also appealed, although before I move on, are there specific parts of our appeal the court has questions to? As you can see, I'm not going to likely address all of them. Okay, so I will go then, based on that, to the liquidated damages provision, specifically the court, we think, of compounding errors in the way it handled the liquidated damage award. First off, there's no appeal on the decision of the court that Werner did not act in good to liquidated damages under the FLSA. The issue that we make is we submitted summary evidence pursuant to Federal Rule 1006 to the court after trial, because it's for the court to award liquidated damages, which the court, without finding a single inaccuracy, and without Werner finding a single inaccuracy in the summary document, determined it would be too difficult to determine if the summary was correct, and therefore didn't follow Rule 1006, which simply requires that we make the originals available to the court, and that we provide it at least 30 days before trial. In this case, we provided it almost a year and a half before trial. The court determined, ultimately, that because it could not determine if the analysis, if the summary was correct, it speculated that it might not be and refused to follow it. It also determined, after trial, that Werner was entitled to prevail on a statute of limitations defense under the FLSA, and without having any notice to the plaintiffs, essentially, in its liquidated damage award, although it doesn't say, it essentially awards Werner's summary judgment on an issue it never moved on, doesn't provide us notice, they didn't plead the statute of limitations, and then when we sought motion for reconsideration, which took into account this never before pled statute of limitations defense, the court refused to consider it on procedural grounds. The court also misapplied the standard for affirmative defenses, because the court ultimately put it on the plaintiffs to determine the amount of the offset, if there was one, that they were entitled to under the three-year statute, rather than the defendants, and it would be their burden to prove, since it was their affirmative defense, even though they never pled it. This compounding set of errors resulted in the class being denied almost $200,000 in I'll save the rest of my time for rebuttal, unless the . . . Very well. Thank you, judges. Mr. Jones, we'll hear from you. Good morning, your honors. May it please the court, Joe Jones on behalf of the Werner defendants, and on our cross appeal this morning, where I'll start, we're asking this court to vacate the judgment entered at the district court on the short rest break claim, and remand the case back to district court with instructions to enter judgment for Werner on the short rest break claim. Which claim? Pardon me? Enter an order for Werner on . . . Which claim? The short rest break claim. Werner won the sleeper berth claim at the trial level, so there was a verdict entered and a judgment entered only on the short rest break claim, and we're asking that that be set aside. Short rest break claim. That was $780,000, right? Exactly, your honor. We have two reasons for making this request. First, that the court abused its discretion and applied the wrong standard when granting the plaintiff's motion to modify the final scheduling order deadlines filed just three days before the close of discovery. The court allowed the plaintiffs, when granting the plaintiff's motion, to file a corrected expert report, and it did so because the court found it was necessary for the plaintiffs to file a corrected damage report in order to dispose of the case on the merits. In other words, based on the evidence they had at that time, at the close of discovery, the case was over because they didn't have admissible evidence of damages, so they're going to give the plaintiffs the right to do over, and that's the standard the court applied in granting that motion, granting them the right to file a corrected expert report on damages well after the deadline, and more importantly, after Werner had exposed the flaws and errors in the calculations and the expert's methodology to the extent that the expert admitted during his deposition that he didn't accurately or reliably calculate damages. Is this Judge Strom's ruling that you're talking about? Yes. It was Judge Strom, and then Judge Smith-Kamp took over later in the case. He characterized this as a lesser sanction under Rule 37. What's wrong with that? Because this Court has said very clearly in the Sherman v. Winko case, and in many cases since then, the fireworks case, that when you're talking about a motion to amend deadlines in a final progression order, you have to apply Rule 16. It's the Rule 16 that applies in that case, and Rule 16 specifically states that it's a good cause standard. This Court has stated that that good cause standard is not optional. It has to be applied. And Judge Strom applied Rule 1? Was it a different rule? Yes. He did apply Rule 1. My understanding of it was kind of what he called an inherent equitable power to allow the case to proceed on the merits rather than allowing us to win after we'd gotten those plaintiff's expert. Good cause by this Court's standard is the moving party's diligence in meeting the deadlines. Judge Strom found that they weren't diligent in meeting the deadlines of filing an appropriate expert report. He said there was no reason the expert could not have discovered the errors on his own on a timely basis and submitted an expert report within the deadlines that met foundation and wasn't full of errors. He also found that it was substantial prejudice and harm to Werner to allow a redo or to allow a corrected expert report because Werner had gone through the trouble and expense on a So it was a substantial prejudice to Werner. So he found there wasn't good cause. There was substantial prejudice to Werner. But then he applied the wrong standard and allowed them a do-over. Well, suppose that he found no good cause, then he's supposed to implement a sanction of some kind, right? You say the only sanction available was dismissal? No. And the only sanction available was what? Under Rule 16, it's was there good cause? There wasn't. Some courts, the courts have also stated if there wasn't good cause, if he wasn't diligent and he wasn't, the plaintiffs weren't diligent, the analysis is over. Some courts, well, let's also look to see whether there's any prejudice here. Here, there wasn't good cause and there was extreme prejudice. So under Rule 16, the case would have been over because Werner understood that the evidence wasn't admissible. So you don't get to Rule 34. You don't get to any other standard. So what was he supposed to do under your view? What he should have done is denied the motion. We had motion. Which motion? I'm sorry. He should have denied the motion filed by plaintiffs to modify the scheduling order deadlines. We had already filed. All right. So at that point, now he has an untimely... It should just be denied. And now he should have addressed the motions that we'd already filed pursuant to the scheduling order, which were our Daubert motion, our motion for summary judgment, and our motion to decertify the case. And I think what Judge Strom was saying by saying plaintiffs wouldn't be able to go forward on the merits because it was apparent when the plaintiff's expert admits that his calculations were inaccurate and unreliable that they don't have any admissible evidence on damages. What if they come forward with something that's late after the scheduling order deadline? What is a district court to do then? I think that regardless of what the plaintiff calls it, even though in this case they filed their motion under Rule 16, but when you're trying to correct an expert report, submit a new report, not a supplement report, but a new report that has substantial changes, you have to follow the requirements, the good cause requirement, the good cause standard under Rule 16. If it's a supplement, we have different rules that apply, but the court specifically found this was not a supplement. This was a new report. And so you follow Rule 16 here, Your Honor. You're asking us to essentially affirm the counterclaims, Warner's counterclaims. Is that what you're saying here? We didn't have a counterclaim, Your Honor. What we're saying is that because the court committed error and abuse of discretion in granting the plaintiffs a do-over and extending all the deadlines, extended the trial out by 11 months, extended all the deadlines, that was error and an abuse of discretion. So you take us back to where we would have been, which is, okay, now consider the Daubert motion and the motion for summary judgment based on getting the admissions from their expert that their damages that he calculated were not fair and reasonable, were not accurate, were not reliable damages. Okay. We're back to that. Now what? And when you get to that point, the case should be over because the plaintiff doesn't have any admissible evidence of damages on either of their two claims. They don't have admissible damages on sleep or birth, which we want on liability at trial, but they also don't have admissible damages on the short rest break claims. So the case should have been over. And to allow that order to stand, allow this judgment to stand in light of that order is contrary to Rule 16. It renders Rule 16 meaningless. It's contrary to established case law, beginning with the Sherman Winko case and a lot of cases since then. And it has the- Well, let me pick up on Judge Beam's question. Let's say we agree with you, give us step-by-step what an opinion that agrees with you on this point would look like. What would it order? What would it direct the district court to do? Because the judge found that the evidence on damages, we couldn't proceed on the merits, the plaintiff wouldn't be able to proceed on the merits, he's saying that the Dawbert motion would have been granted. And I think that's a pretty easy conclusion to come to when the plaintiff's expert admits himself that his calculations are inaccurate and unreliable. So when the plaintiff is in that stage, they have no admissible evidence of damages and the case is over. So our Dawbert motion and our motion for summary judgment would have been granted. And it's not even a gray area when you have those types of admissions from the expert that their calculations are unreliable, they're inaccurate. So that's how we get to the relief we're seeking here, Your Honor, which is that the judgment on the short rest break claims should be vacated with the instructions to the district court to enter judgment on the short rest break. So this expert eventually testified at the trial? Yes. And he gave testimony consistent with the supplemental report? With the corrective report, yes, Your Honor. And what he did was, it was interesting, during his initial deposition on his initial report, he said in answer to my question, I don't know if these errors, these problems can be corrected. He didn't know if double counting damages was an error or not. He admitted he really didn't know much about the lawsuit. He didn't know if this data was capable of being used to calculate damages. He said his damages did not accurately and reliably calculate damages for this class. When he comes to trial and gets a redo, he changes all that and says, oh, yeah, my, these are accurate, they're reliable. And what he did was, plaintiff's lawyer told him, here's the errors you need to correct. And they were the errors that were pointed out in our deposition through examples and examination of that expert that you did this wrong, you did this wrong, you did this wrong, this is wrong. They correct the errors that we pointed out and then come to court and give 180-degree different opinions that he gave in his deposition, in his first deposition, where he said, this isn't accurate, this isn't reliable, I don't know if this is the proper way to calculate damages. He went 180 degrees and gave a whole different opinion in court. So that shouldn't have been allowed to happen. I'd still like you to address again why you think Judge Strom was wrong to rely on Rule 37. I mean, I understand there was a motion here under Rule 16 to change the deadlines. But suppose they hadn't filed that motion, they just filed a late report or a late information. And Rule 37c, he cites as saying, if you don't provide the information as required under Rule 26, then you're not allowed to use the witness or the information, right? So two reasons why that rule doesn't save them here, Your Honor. First of all, this court has made clear many times that that's not the rule that applies in this situation when you are going to have to modify the scheduling order. And that's what they did. They modified the scheduling order to submit a corrected report well after the deadline and they pushed the trial back 11 months. So that's reason number one. Reason number two is, I believe under Rule 34, there's still a balancing here, okay? Is there prejudice? What's the... It's Rule 37. Excuse me. Rule 37. What's the harm? And he found, and it can't be questioned and they don't question the finding here, that this was substantial prejudice. This was incredible prejudice to Werner when they had extracted those admissions from the order and told them all the places they made mistakes and then the plaintiffs get to go use the work that Werner did, throw out all the deadlines in the final progression order, start completely over and correct those calculations based on the work that Werner did. That is totally unfair. It's not how our system works. Of course, to allow this judgment to stand would be the same as... That'd be tearing off the blindfold on Lady Justice and then overloading the scales of justice in favor of the plaintiff because when it comes to the burden of proof on damages, they don't have to worry about what they prepare initially because they can wait for the defendant to come in and tell them where all their errors are. Then they can go ask the court to throw out all the scheduling order deadlines and he'll do that and they'll give a corrected report based on all the work that the defendant did. That's not how our system's supposed to work. So that's why we believe we're entitled to the relief of vacating the judgment entered by the trial court and remanding with instructions to enter judgment for Werner. Okay. Could you spend 40 seconds on the cost issue? If there were no cost for the plaintiff under rule, I mean under section 1920 and therefore nothing to offset, what's the authority to grant costs for Werner? They did award costs. The court...  There were costs awarded. They weren't the taxable... She called... There were costs that didn't file a bill of costs which plaintiff's claim is form over substance and in the Marmo case, we know that's not true. In the what case? The Marmo case. Oh, from our court, yeah. Yes. That was a handbook case where they didn't follow the handbook in filling out the bill of costs. Here, it's even worse than that. They didn't file a bill of costs and what this court said in Marmo was following the handbook... But they say they don't have to because these costs are coming under 1920. I mean under the FLSA 216B and not under 1920, so the rule doesn't apply. But Marmo tells us differently. That was the same argument made in Marmo and what the court said... This court said in Marmo is that the handbook that we use here in practice here in Nebraska to fill out the bill of costs when we were seeking taxable costs is an extension of the That's the... All right. So why is it okay to... You're now saying it was okay because it's an offset of the non-taxable costs? Yes. Of the costs that were awarded under... Wow. All right. If that's your argument, we'll consider it. My real argument is your honor, you don't even have to get there because of our cross appeal. The other reason on cross appeal is they didn't prove their case on the short rest breaks because they equated state law with federal law and on rest breaks, those laws are different. All right. Very well. Thank you for your argument. Mr. Swidler, we'll hear from you and Robello. Thank you. What Warner is asking this court to do will clearly open the floodgates to interlocutory scheduling orders. Both rule 37 and rule 16, 16F, I think it is, and 37C, implore great discretion on district courts to handle scheduling of issues at trial. And both specifically state that in alternative to any other sanction, an award of fees and costs can be provided, which is exactly what the district court did here by awarding a substantial one to Warner, which was of course paid. With respect to the defendant's arguments that even relate to the scheduling order, it's worth noting that they stipulated and consented to two scheduling orders which post-date the one they appeal, which would have superseded and therefore mooted the very scheduling order they appeal. With respect to the issues as to the admissibility at trial or the denial of summary judgment, those are also interlocutory orders. Ultimately, what would be on appeal is what was presented at trial, whether there was evidence to support the jury verdict, not whether denial of summary judgment, which inherently is not appealable, is somehow- But if the judge had no authority to extend the time for this new report, then they couldn't appeal it then, but they can bring it up now. But the judge didn't do that. He kept the same date. He refused to let us provide a ... We wanted a report by a new expert because we wanted him to actually change the date. He didn't. Instead, he denied our request for a new expert. He allowed our then expert to change certain issues. And it's worth pointing out what the errors were because Warner actually could solve this methodological issues. What occurred was Warner had produced about 100 million or so time records in the case, some of which were determined to be inaccurate. Warner basically stated the time records they had in possession or required to maintain weren't accurate. Our expert had relied on those time records and therefore had found time to be worked, which ultimately he concluded wasn't based on Warner's statements later that their time records weren't fully accurate. Now, Warner states, and the court agreed, that we could have done our own analysis and found those outlying records. But that was the issue. The underlying analysis that we're going to take the total hours worked, we're going to take the total compensation, and we're going to divide the two and figure out if it's $7.25 an hour, that didn't change, nor did the expert change. And so it was a supplement, in our view, which the court didn't find. The court found it was basically a supplemental, I suppose not a supplement report, but a new report. But he didn't fully extend the deadline. And so this idea that somehow the deadline was extended when Warner twice agreed then to an extended deadline. They talked about moving the trial date. It was Warner's request to move the trial date. And so some of the things they appealed, they agreed to, they consented to, and it's in our briefs. But it's certainly worth pointing out. And so I think the most important point here is that while there are certainly cases, and Sherman's one of them, that discuss a court's discretion in how to handle this. And admittingly, inherent in the court's discretion is Judge Strom could have went either way, and perhaps this court would uphold the decision that would have excluded the expert report and ultimately kick the case, although that wasn't found. So even then, we don't know that the old report would be kicked. But that's not what he did. And this court gives discretion to trial judges to manage their dockets. They know the case better than anybody. They know the equities better than anybody. And both rules, 16 and 37, allows an alternative sanction, fees and costs, to be awarded against the noncompliant party, which is what Judge Strom did. All right. Thank you for your argument. Thank you, judges. The case is submitted, and the court will file an opinion in due course. Thank you to all counsel.